The opinion of the court was delivered by
Tirghman, C. J.
This action was brought in the Court of Common Pleas of Northumberland county, and arbitrated under the act of the 20th of March, 1810. The arbitrators reported in favour of the defendant generally. The plaintiff appealed, and paid the costs agreeably to the act. The cause was afterwards tried by jury, in the Court of Common Pleas, and a verdict given for the plaintiff, for the sum of one hundred and thirty-three dollars, forty-three cents. On this verdict, the court gave judgment for the plaintiff, for one hundred and thirty-three dollars, forty-three cents, and the costs accrued after the entry of the appeal, but not for the costs which the plaintiff had paid, before he entered his appeal. The question is, whether the plaintiff was entitled to the costs paid by him, before the entry of the appeal. This depends upon the act of the 20th of March, 1810. By the 11th section of this act, it is provided, that no appeal shall be allowed to either party, until the appellant pay “all the costs that may have accrued on such suit, or action.” If the plaintiff be the appellant, he is to euter into a recognizance with sureties, the condition of which shall be, “that, if the said plaintiff shall not recover, in the event of the suit, a sum greater, or a judgment more favourable than the report of the arbitrators, he shall pay all costs that shall accrue in consequence of the said appeal, and one dollar a day for each and every day lost by the defendant, in attending on the said appeal.” And by the 13th section of the act, it is enacted, “that the costs directed by the 11th section, to be paid by the appellant, shall be taxed in his bill, and recovered of the adverse party in such cases only, where, in the event of the suit, the appellant is entitled to recover costs, agreeably to the provisions in this act.” There are no other provisions in the act, mentioning particularly in what event of the suit the appellant shall be entitled to recover costs; so that we must recur to general principles, and according to them, the plaintiff having obtained a *110 'verdict for one hundred and thirty-three dollars, forty-three cents, would certainly be entitled to costs, It would seem, therefore, to be the intent of the law, that in such case, the plaintiff should recover the costs which he had paid on the entry of his appeal. This construction being in accordance with the words of the act, ought to be adopted, because it is agreeable to justice. Since the verdict, we must take for granted, that the plaintiff had a good cause of action. It is just, therefore, that all the costs should fall upon his adversary, who was in the wrong. Another case has been mentioned, in which the counsel on both sides wished for the court’s opinion; that is, where an award is made in favour of the plaintiff, who appeals, and then obtains a verdict for a sum greater than that which was awarded to him. After what has been said, it is evident, that in such case the plaintiff is entitled to recover the costs paid on the entry of his appeal. The argument is a fortiori; because, there the plaintiff was entitled to recover costs on the award from which he appealed.
In the present case, I am of opinion, that so much of the judgment of the Court of Common Pleas should be reversed, as re spects the costs paid by the plaintiff on the entry of the appeal, and that judgment should be entered for the plaintiff, for those costs. The residue of the judgment of the Court of Common Pleas is to be affirmed.